The plaintiff sued to recover a balance of $1,310 and interest due on four promissory notes, dated June 24, 1920, and signed by H.P. Halverson and Ole Mattson, and endorsed by H.P. Halverson, Ole Mattson, Knut Eggar, B. Ostby, and Axel R. Erickson. These notes were a part of fourteen notes given at that time, and all signed by the defendants in the same manner.
The defendants, in 1920, were directors of the Sheyenne Farmers Co-operative Company, doing a general mercantile business at Sheyenne, North Dakota. The plaintiff was, at that time, also engaged in the general mercantile business at that place. On June 24, 1920, the plaintiff sold his entire stock of merchandise and fixtures to defendants for their said company, for the sum of $11,546.21. The purchase price was settled for by the defendants giving their fourteen promissory notes to cover said amount. The entire stock of merchandise and fixtures was turned over to and taken possession of by the Sheyenne Farmers Co-operative Company. For some time prior to the said sale, the said company was undergoing reorganization. It was their plan to capitalize the new company at $100,000.
The answer of the defendants, in substance, alleges that at the time of the sale it was agreed that after the new company was incorporated, the plaintiff would take $1,000 of the capital stock, in the new company, *Page 457 
and $2,000 worth of farmers' notes, and that the plaintiff would thereupon return to the defendants $3,000 worth of the notes given by said defendants. It alleges also that it was upon this express condition and consideration that the notes were executed and delivered by defendants.
It alleges further that the incorporation was thereafter completed, and that defendants offered $1,000 worth of stock in the new company, and $2,000 worth of farmers' notes to plaintiff, and that they demanded a return of their notes of an equal amount, and that plaintiff refused.
The balance due on the notes in suit is all that remains unpaid of the fourteen notes given.
The defendants testified to the agreement over objection of the plaintiff.
Plaintiff's motion for directed verdict was denied, and the case was submitted to the jury on the issues framed, and the evidence adduced. After a verdict in favor of the defendants, plaintiff made motions for judgment notwithstanding the verdict or for a new trial. Both being denied by the trial court, the plaintiff appealed.
The plaintiff contends that the agreement relates to an exchange, in the future, of other notes and stock for $3,000 worth of the notes given by the defendants, and that such an agreement cannot be established by parol testimony.
It is the claim of the defendants that the agreement in controversy amounts to a conditional delivery of the notes, and that they were delivered for a special purpose, in that they were to be held as security, pending the completion of the transaction, until the stock and farmers' notes could be delivered.
But under the evidence in this case, this interesting point need not be determined, since the plaintiff is entitled to judgment from another end of this lawsuit. While the defendants testified that they offered the $1,000 worth of stock and $2,000 worth of farmers' notes after the corporation was reorganized and capitalized for $100,000, and that the plaintiff refused to accept same, and refused to surrender notes in a like amount to them, the evidence of the defendants also shows that they afterwards disposed of the farmers' notes and the stock. The *Page 458 
defendant, H.P. Halverson, president of the Board of Directors of the said company, testified:
Q. Did you turn over all the assets of the company to the Credit bureau at St. Paul?
A. Yes.
Q. They included these notes that you had received for stock? Such notes as had not been collected?
A. Yes, sir.
Q. So that the entire stock of the company was sold, and you either collected that in in cash, or got notes, and the notes were either collected and the money turned in to the company, and the notes that had not been collected were turned over to the Credit Bureau?
A. Whatever the balance was that was not collected was turned over to the Credit Bureau.
Q. And what was collected in was used by the company?
A. Yes, sir.
Q. And the company is no longer engaged in business in any way or manner?
A. No, sir.
Q. And you defendants, or the directors of that company, have no assets of the company now at all in your possession?
A. No, sir.
The defendant, Axel Erickson, testified:
Q. Now these notes that you say Mr. Evensen was supposed to take, they were to be taken out of about $10,000 worth of farmers' notes which the store company had on hand, for the payment of stock they intended to issue after they had increased the capital stock of the company?
A. Yes, sir.
Q. Do you know what became of those notes?
A. Yes, some of them were used in the business.
Q. Some of them were collected by the manager, is that what you mean?
A. Yes, sir.
Q. Do you know how much of them was collected by him? *Page 459 
A. I couldn't say — about two thirds or better, I guess.
Q. And those that were not collected were turned over to the Credit Bureau?
A. Yes, sir, after Mr. Evensen refused to take them.
Since there is no dispute in the evidence touching the disposition made of the notes by the defendants and their said company, both prior to and after the refusal by the plaintiff, it is quite unnecessary to quote further from the record. The evidence is clear on the subject and requires no elucidation, or discussion to understand it.
Not having kept the tender good, and thereafter disposing of all the notes and the stock, the defendants put it beyond their power to comply with their agreement. They are, therefore, not in a position to stand on their claimed defense.
The judgment and order appealed from are reversed, and the case is remanded with directions to enter judgment for the appellant for the amount due on the notes and interest, with costs to appellant.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.
Mr. Justice NUESSLE did not participate; Honorable M.J. ENGLERT, Judge of First Judicial District, sitting in his stead.